# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## ''''''''''''''''''O CTU CNN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:10CR11(2) |
| | § | |
| SUMMER BERRY APPLEWHITE. | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 8, 2014, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant. The government was represented by Bill Baldwin, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Wayne Dickey.

Pursuant to a written Plea Agreement, Defendant pled guilty to the offense of Possession of a List 1 Chemical, a Class C Felony. This offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 28 and a criminal history category of I, was 78 to 97 months. On April 20, 2011, U.S. District Judge T. John Ward sentenced Defendant to 30 months of imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include access to financial information, mental health treatment, and substance abuse testing and treatment. Defendant completed the term of imprisonment and began her period of supervised release on March 15, 2013.

In pertinent part, under the terms of supervised release, Defendant was to refrain from excessive use of alcohol and not to purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. In its petition, the government alleges that Defendant violated this

term of supervised release when she submitted a urine specimen on March 21 and October 13, 2013 that tested positive for methamphetamine, and submitted a urine specimen on November 1, 2013 that tested positive for methamphetamine and benzodiazepine (oxazepam).

Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession. Therefore, should the Court find by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will be in violation of Texas Health and Safety Code §481.115 and have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court shall revoke a term of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pled true to the allegations above. The government recommended custody for 7 months with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Summer Berry Applewhite be committed to the custody of the Bureau of Prisons for 7 months that includes 95 days of unserved community corrections center time, with no supervised release to follow. The Court further recommends incarceration at FCI Bryan, Texas.

Defendant has waived her right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to US. District Judge Rodney Gilstrap for adoption immediately upon issuance.

**So ORDERED and SIGNED this 17th day of April, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE